UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELTON LOUIS MATTHEWS, JR., | Case No. 3:20-cv-0081-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| W. GITTERRE, *et al.*, | |
| Respondents. | |

Petitioner Felton Louis Matthews, Jr., has filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2241. This habeas matter comes before the Court for consideration of his Application to Proceed *In Forma Pauperis* (ECF No. 1) as well as initial review under the Rules Governing Section 2254 Cases. For the reasons discussed below, the Court dismisses the petition for lack of jurisdiction and failure to state a cognizable habeas claim.

Matthews is well known to the Court from his numerous prior actions alleging violations of his constitutional rights through both civil rights and habeas actions. The current habeas case involves his 2002 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Matthews*, Case No. 08C244013-1.[1] Matthews pleaded guilty to two counts of lewdness with a child under the age of fourteen and was sentenced to consecutive terms of life imprisonment with parole eligibility after ten years. A judgment of conviction was entered on May 13, 2002. Matthews appealed, and the Nevada Supreme Court affirmed his conviction.

As a threshold matter, the Court finds that Matthews improperly filed the present petition on a form for petitioners proceeding under 28 U.S.C. § 2241. The determination

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

of whether a petitioner must proceed under 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241, is a status inquiry directed to the source of the petitioner's custody rather than the target of his challenge. *See, e.g.*, *Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Matthews is in custody pursuant to a Nevada state conviction.  He therefore must proceed under § 2254.

The Court takes judicial notice of the multiple habeas petitions Matthews has filed in the District of Nevada challenging the same judgment: 3:03-cv-0096-HDM-RAM; 3:03-cv-0551-LRH-RAM; 3:05-cv-0367-LRH-RAM; 3:05-cv-0386-LRH-VPC; 3:06-cv-0616-LRH-VPC; 3:07-cv-0516-BES-RAM; 3:09-cv-0160-BES-VPC; 2:11-cv-1443-PMP- GWF; 2:12-cv-0236-KJD-CWH; 2:12-cv-1286-PMP-GWF; 3:14-cv-0622-RCJ-WGC; and 3:17-cv-0692-RCJ-VPC. Matthews' claims were reviewed on the merits in Case No. 3:05-cv-0367-LRH-RAM, and the petition was denied in March 2006. The Court of Appeals for the Ninth Circuit denied a certificate of appealability.

The current petition is second or successive because a prior federal petition was decided on its merits, Matthews attacks the same judgment of conviction, and the claims Matthews raises here are based on facts that had occurred by the time of the prior petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition."). Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *See Brown*, 889 F.3d at 667. Matthews has made no allegation or showing that he has received authorization from the Ninth Circuit to file this second or successive petition, nor do the records of the Ninth Circuit reflect that he has sought to obtain any such authorization. This second or successive petition must therefore be dismissed for lack of jurisdiction.

Furthermore, Matthews' current petition fails to allege a cognizable federal habeas

claim. The Antiterrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993). In narrow circumstances, a state law may create a constitutionally protected liberty interest if the law (1) sets forth the substantive predicates to govern the to govern official decision-making and (2) contains explicitly mandatory language, *i.e.*, a specific directive to the decision-maker that mandates a particular outcome when the substantive predicates have been met. *See, e.g.*, *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

The petition alleges that Matthews is pending parole review in November 2020. (ECF No. 1-1 at 2.) He alleges that Respondents refuse to correct his sex offender tier rating and he has no way to correct or expunge disciplinary findings, records, and his presentence investigation report ("PSI"). (*Id.*) According to Matthews, this violates his due process and equal protection rights as well as his statutory rights to good time credits under NRS 209.4465. (*Id.* at 6.)

Although Matthews mentions "due process," "equal protection," and "cruel and unusual punishment" in the petition, his claims present no federal question because they

plainly involve the application or interpretation of state law regarding prison disciplinary proceedings, parole hearings, and computation of statutory good time credits. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Further, Nevada inmates possess no liberty interest in being released on parole, *Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010), or the application of good time credits to a life sentence, *Witherow v. Farwell*, 383 Fed. App'x 688 (9th Cir. 2010) (holding that good time credits do not apply to an indefinite maximum term such as a life sentence) (citing *Hunt v. Warden*, 903 P.2d 826, 827 (Nev. 1995)). Matthews' claims are questions of state law and therefore are not cognizable in federal habeas corpus proceedings.[2]

It is therefore ordered this action is dismissed without prejudice.

It is further ordered that Petitioner Felton Louis Matthews, Jr., is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition to be debatable or wrong.

It is further ordered that Matthews' Application to Proceed *In Forma Pauperis* (ECF No. 1) is denied as moot.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

///

///

///

///

---

[2]The Court notes that his claims also appear non-cognizable in federal habeas because success on their merits "would not necessarily lead to immediate or speedier release" given the discretionary nature of parole decisions. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016).

1  The Clerk of Court is further directed to enter final judgment accordingly, dismissing
2  this action without prejudice, and close this case.
3  DATED THIS 12th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE